Good morning. Our next case for this morning is Modal LLC v. Nuance Communications, Inc. Counselor Bell, you've requested to reserve two minutes of rebuttal time. Thank you, Your Honor. Good morning and may it please the court. Under any reasonable interpretation, the Tyra Pryor Art teaches the sole limitation at required for generation of a particular report. And there's really one dispositive and I submit uncontested fact that shows that this is true. Tyra teaches generating reports that must include at least one necessary piece of information and that is the head or topic of the Tyra report, such as a medical problem. And that's exactly the same type of required latent information that the patent describes, for example, medical problems. And that requirement in Tyra is based on expert-defined models that target that specific information. And that's at pages A1702 and 1706 of the appendix. Therefore, we submit even under nuances improperly limited view of what it means to be required information, Tyra teaches that disputed limitation. And that theory we further submit was fairly and clearly spelled out in the petition. The petition states that Tyra uses, quote, expert-defined models to target specific information. What are you reading from now, Mr. Bell? And that is at page A1046, the petition, at pages 1046 and 47 of the appendix. And there the petition is quoting Tyra and says, Mr. Bell, Mr. Bell, this is Judge Stoll. So it's your view that here at 1046 where it talks about targeting specific information, that that means it's required. What specific, I mean, I think it's, you know, as I understand the difference, first of all, can I just ask you this? Is the difference between what you're asserting and what the board is saying is that the board seems to take the position that Tyra creates the form based on information that is create different reports based on the information found, while the patent and the claim is understood by the board is that you're going out and you're seeking specific information required by a form. Is that how, just stepping back, is that how you think the board understood Tyra to work and that was the difference that the board saw? I think that fairly encompasses the difference between the board's view and our view and also between Nuance's view and our view. Yes, Your Honor, that the board doesn't allow for the kind of one-off day of example of a report that somebody asks for certain information. So, for example, in Tyra, if a doctor steps up and says, I want a report on anomaly, that is the required information because the report that's about the anomalies, in particular, the head or topic. I understand what you're saying. Now, can I ask you something else? If we turn back to like page 1046, I think it's 1046 through 48. I don't see that specific explanation here in the petition, but what do you think is your best, what would you point to as being your best support for your position? And by the way, are you relying on Tyra alone on appeal, which it seems that you are, or are you relying on also Tyra in view of Buchanan as teaching the required element? On appeal, Your Honor, we focused on Tyra because we think that is sufficient. And in those pages that Your Honor identified, 1046 to 48, I would first note that this all comes under the heading of required information. So, it recites the entire limitation. So, all of the discussion is in that context. And then it proceeds through there and explains why the required information in Tyra, and it doesn't use the word required again until the end, and I'll come to that. But it talks about targeting the expert-defined models with specific information. And then on 1048, and I should note that those expert models are defined in advance. You know in advance what type of information you're looking for, and you need that information to generate a report. But is your position that you needed to explain that more in the petition? I mean, what if, you know, like the board were to say, well, you needed to explain that. You needed to say, like, when you're talking about targeting specific information or important medical information, you have to say that it's-that means it's required. So, I would point, Your Honor, to page 1048, where it's the conclusion of this discussion. And it talks about how both Tyra and Buchanan, but let's focus on Tyra, acknowledge that they include latent information required for generating a particular report. And then it says why? Because unstructured reports, unstructured dictation reports could not be submitted to insurance companies or regulatory agencies. So, there again, it's saying that there is certain information that must appear in these structured reports in Tyra, this latent information. Otherwise, it wouldn't be useful. And then if you trace through the steps- Can I step back and ask you another question about this? I see what you're talking about, where it says a POSA would have been motivated. I think the board said this wasn't sufficient because it was part of your motivation statement. And I understand your response to be, well, it's not just a motivation statement. It's also talking about combining Tyra and Buchanan to include latent information required for generating a report. Is that right? Precisely. Okay. Now, why- What about this? Now, it doesn't say Tyra alone. It says Tyra and Buchanan. So, how do you respond to that? Well, it also says each of Tyra and Buchanan, right? It says both references acknowledge that there would be this problem with unstructured information. And therefore, for certain purposes like insurance, you would want to structure it in a certain way, which would entail, given the context of these three pages discussion, what we're getting at is what's the required information for inclusion in these reports. And then that same required information, that latent information, you see it again throughout the steps of the patent as we walk through in the petition. Subsequently- Mr. Bell, can I just double-check something? The sentence that we've just been focusing on begins on 1047 and carries over to 1048 has two citations behind it. One is to Buchanan. The other, I think, is maybe to your expert, is it Beji or something, which is not in the joint appendix. But there's no citation there to Tyra. That's correct. That's correct. So, the expert in his declaration made the same point, that both of them acknowledge that there's problems with unstructured information. And therefore, you would want to structure it in a certain way for other purposes. And can you get back to the thing that you started the argument about, about something about a heading? Yes. So, the key piece of information, and we made this point in our opening brief at pages 41 and 42, and then again in our reply when we submit it wasn't contested in their red brief, the head or the target of Tara. And you can see this, for example, at A1701, where figure one depicts a sample frame of Tara, and it includes the head or topic. And that is a required piece of information. And just to be clear, is that head latent information sifted out of the data stream? Yes. How do we know that? Because the topic in that example is a mass, an abnormal mass. And so, what Tara says is, we need to extract that information out of the incoming information. Just, this may be too kind of picky, but isn't the information that is being extracted out of, say, the doctor's, you know, orally recorded report, you know, some number like, you know, five grams, but not the word mass as a topic? No, I respectfully disagree, Your Honor. First, you get the topic, and then you know what else you need to look for. And so, that's why we say, without that topic, now it could be one of three, and Tara says on page A1706, and I'll just quote from it, says, each frame has two things, a specific topic, e.g. a mass, together with descriptions of select property. So, it's extracting all of that. Mr. Bell, this is Judge Stoll. I'm going to be able to follow you better and really more comfort in your argument. If you point to me where the sentences are that you're relying on, and just slow down a little bit, because this is probably the most important part of your argument. So, if you could please do that, point out where you're relying on 1706, and also, you had referred to 1701. But if you could point out specifically what you're pointing to, I'll follow you better. Thank you. Absolutely, Your Honor, of course. I will start with A1706, and I'm looking at the right-hand column, three lines down under the frame constructor heading, where Tara says, each frame represents knowledge about a specific topic, e.g. mass, that's that abnormal finding we discussed, together with descriptions of select property. So, that sentence right there, and that's a sentence we quoted in the petition, that's a disputed that to have a report in Tara, you must, at a minimum, have a certain piece of required information, i.e., that topic, which can be one of three things. And I'm, again, looking at A1706, the fifth lines on down. And just to be clear, is the frame is something that's in the report? It's essentially a template category? That's correct. The frame then leads to the structured report in Tara. And so, anything that you see- Is it Stone and Figure 5? Figure 5 is a sample frame, right? That is correct. Okay. And you had said earlier that you first have to pick the topic, and you cited page 1701. Was there something specific on 1701 that you think supported that? It was at, I think it was, maybe I misspoke. I think it was, perhaps, 1702. I might have misremembered, but please, yes. We're on 1702. 1702 talks about creating this expert-defined report, and I'll point you to the first column. It's under that diagram, 1, 2, 3, 4, 5, 6 lines down. And so, it says that the task here first is creating an expert-defined data model of the report. So, that tells us that the expert-defined model is something done in advance. And this is why we submit that even under a narrower view of what is required, Tyra definitively teaches it for exactly that reason. There is this predefined, called institutional advanced definition of what you are looking for, and then Tyra goes on to find it. And I should note that the dispute here on claim construction is an alternative way that the court could resolve this, because we think that the boards and nuances definitions are far too narrow of required. Consider the following situation. If I could finish the sentence. Yes, you may. Thank you, Your Honor. Consider the following situation. A judge asks a clerk for a report on the most recent cases citing KSR or Chevron. I think any clerk you ask would say that that is required information for generation of that report, but that is the type of day-of, one-off, Dr. asks for an X report that the nuance definition and the board's definition would improperly exclude. Mr. Bell, what if the judge says, please give me a report on any recent KSR-citing case? Then there is no particular, and the clerk being diligent, generates a report with 37 such cases, no one of which actually was required by the judge's request. I kind of think that's sort of what the board was saying here. I agree, Your Honor. I think that is what the board said, and I think that's wrong. If you look at the specification, let alone the claims that don't provide any sort of restrictions on what is required, but you look at the specification, it says any reports can be generated. That's at A53, column 10, line 62 to 64. It also says you can have user-defined reports. In other words, the user gets to decide what's the required information. So whether it's a judge saying any case, in which case that's the required information. You have to have at least one case. That's a requirement. Or a doctor saying, please give me a report on all of the anomalies identified in my free text narration from the last week. Therefore, those anomalies are required. And we pointed that out in our brief at 33 and 34. And Nuance's response to it, I think, is revealing at page 54. The only response Nuance has to that hypothetical is that, no, that doesn't work because you need, quote, specific information predefined as being required for accurate and complete reporting on a type of encounter. And that requirement is not part of the word required. It's not found in the claims, and we submit it's refuted by the specification. With that, I'll reserve the rebuttal of my time, unless the court has questions. Okay. We thank you, Mr. Bell. Let's hear from Counselor Speed. Good morning, Your Honors. Nathan Speed on behalf of the Appellee Nuance Communications. The Board's final written decision should be affirmed because the Board correctly found that Emodal's petition failed to provide a detailed explanation of how or why the TIRA reference disposes this relevant limitation that we've been discussing today. This flaw in the petition was fatal below. It should be fatal on appeal as well. The relevant limitation that we're talking about is the identifying latent information limitation, and it recites in full, processing the input data stream to identify latent information within the data stream that is required for generation of a particular report. Emodal's petition addresses this- Judge Stoll, this is Judge Stoll. Why do you think that the language, for example, at page 8, 7, and over into 10, and 14 is insufficient, where the sentence is, opposed would have been motivated to combine term to cannon to identify information, comma, including latent information required for generating a particular report, because both references acknowledge that reports could not be submitted to insurance companies or regulatory agents or unstructured dictation. So, why isn't that enough, when the difference is whether someone's decided what the information, you know, whether information's required or just important? Why isn't this sentence here enough for that claim element? Hey, your honor, the entire paragraph there is devoted to addressing a weakness in the Tyra reference that Emodal was hoping to address. The argument that that paragraph in its entirety is presenting is, should the board conclude that Tyra's structured frame, which is what Emodal pointed to as the claimed report, should the board conclude that that structured frame is not actually a report as required in the claim, it would have been obvious to take that structured frame and use it as a document template, such as that just purportedly disclosed in Buchanan. There's nothing in that paragraph that provides the critical detailed explanation as to how or why any information in Tyra is required for generating a report, whether that report be a structured frame. I understand your argument on that. I understand it. One thing that's puzzling me is that when I read the board's opinion, when it says the petition's deficient, it's not just saying it's deficient for purposes of showing whether Tyra discloses this element. It says it's also deficient on whether Tyra, in view of Buchanan, discloses this claim element. That's, for example, on page 88, and I believe it's also on page 822. So, I mean, what is your response to that? Because, I mean, what is your response to that? Yes, thank you, Your Honor. The issue is, even if there's no, there's simply no explanation of how the sub-frame properties, which is what Emoto pointed to in his petition as the latent information, how those properties would be required in any- Let me ask my question more specifically. Do you think the board erred when it said that this sentence doesn't provide an explanation for why Tyra, in view of Buchanan, teaches the required element? No, I don't think that the board erred in this regard. I think that the board properly read this paragraph as setting forth a motivation for combining Tyra, in light of Buchanan, which Emoto has conceded they no longer are relying on on appeal, motivation for combining those two references so that you would take the property frames in Tyra and somehow use them in the document template of Buchanan because that document template would have been a report as claimed. There's still nothing in that analysis that explains why any particular property sub-frame in Tyra, so say the existence or location of a map, why that information would be required for this document template in Buchanan. There's no, as Your Honor noted earlier, there's no citation of Tyra in here to suggest that Tyra would have motivated that or would have led opposers to somehow turn the information in Tyra and make it from optional, which is what it is in Tyra, and somehow make it required simply with a document template of Buchanan. There's no explanation. What about the Bach quote that Mr. Bell was referring to on page A1047, where it's saying, talking about the task of automatically structuring radiology reports, and it says the first step is to create expert-defined data models of the targeted information contained within the report, and he's saying that what this means is that, basically, as I understand it, is that you're picking your topic. And so, because it's your topic, then you should know what the information that would have to be included for that topic. So, Your Honor, I would suggest that if we turn to the 1046, the paragraph before that, which is the first paragraph in the petition that MMODO uses to identify what in Tyra is the identified latent information, and they quote from Tyra, and the quote is, the existence, properties, location, and diagnostic interpretations, and those properties are the subframe properties. And so, MMODO is clearly pointing to the subframe properties, not to the header of the topic that they point to in their reply brief, and you don't need to take my… Let me… So, you don't think that it's enough that they quoted, this block quoted, this particular paragraph? Correct, Your Honor. They need to explore this? To… Specifically explain what they meant by it. Is that right? Yes, Your Honor. I think… Yes, Your Honor. To the extent that there was any explanation as to what that block quote was going to mean, it's the paragraph, the prose that they wrote leading into it, and that prose, as they can see it in their own reply brief at page 8 to 9, they point to this exact paragraph in 1046, they point to the exact quote of existence, properties, location, and diagnostic interpretations, and they say that that is a reference to the subframe of Tyra, not to a… You know, when I read a patent, I'm supposed to read it from the perspective of a person of ordinary skill in the art, right? When I read a petition, what perspective should I read that from? Is there a perspective? I don't… I suspect that it would be from a reasonable reader with some understanding of how petitions are supposed to be put together to comply with the board's rules. I think that… Your question kind of gets to the reason why this is an abusive discretion standard. This is the board applying its own rules and saying this petition is not sufficient. It did not provide us, as the board said, a coherent explanation of how any information they identified is actually required for the report that they identified. It's somewhat similar to the case, the Garman versus Logan Tree case that we cited at page 38 of our opening brief. In that case, you had the reference… The challenge claim, we said, is a microprocessor capable of doing one or two things. And the petition identified a microprocessor in the prior art, and then it identified disclosures that they allege did the one or two things. And the board ultimately said, that's not enough, because you haven't explained to us, either by a reference… a citation to the reference, through our argument of inherent anticipation, or through an obviousness challenge as to how or why we should believe that that microprocessor is the thing in the system that actually does the one or the two processes that were claimed. And this court affirmed and pointed out that a petitioner has the burden before the board, and that they can't satisfy that burden with mere implication. And that's exactly what we have here. At best, a modalist mere implication that just because they pointed to the subframe properties… And again, I just suggest that they would have, or that they did. They pointed to the information, and then they pointed to the report, and they left it to implication that that information was required for that report. And we would respectfully submit that in a scenario like this, where you have the required for language was actually added during prosecution, so that the claim went from saying, simply identifying latent information, to identifying latent information required for a critical limitation to implication, is insufficient. The board would have been proper to find it would be insufficient to carry their burden of proof, and it was certainly not an abusive discretion for them to conclude that it failed to comply with their rules that require a detailed explanation of how and why the prior art meets the claim limitation. On the claim construction issue, just briefly… I'm staying on this for one more minute, and I realize we've been going over different aspects of the same ground. But if one… And I'm, I guess, returning to where Mr. Bell started about this idea of a header. Isn't the sentence that starts at 1047 and goes to 1048, the one that I'm referring to in the canon, in the use of the term, unstructured dictation or reports are really not satisfactory. Doesn't that make clear that there has to be a structure, which… And it's a little hard to see how there's a structure without a header. I think you could certainly have structure without a header, per se. So, if you have… The analogy that I find most useful is thinking of the form that you submit when you're going to pay for some clothes you purchased online. That form has many fields, and so every field could have… Could be entirely optional. Typically, the fields have little stars next to them to indicate when particular information is required before you can submit the report. But you could theoretically have a field that has no little stars, and so whatever information you happen to put into the billing field would get generated in the report, and it would be structured at the back end. So, if you just put in your middle name and your apartment number and you hit submit, it would be structured in the sense that you have a billing report that identifies those two, but no one would say that that information was required to generate that first instance. And at least related in my mind, though I'm not quite sure how related, putting aside what's in these pages on the petition and just looking at Tyra, where it says math in… What is this? I guess the figure one on page 1701, and I think that's the same thing referred to as the head or topic in referring to the frame. Is that word a piece of what the petition identified as the latent information in Tyra? I think, again, turning to pages 40 to 42 of the petition, I do not see any suggestion that they were relying specifically and separately on that. I think I asked the question incorrectly. Forget about the petition, except insofar as follows. The latent information that is being sifted out of, I guess, the dictated radiology reports in Tyra, does that information include the word mass when the information is about the mass of some body part? Your Honor, the way that Tyra works is it takes a report and it structures every single sentence in that report. And so, as Tyra explained, that 17 appendix site 1705, that the head is just the topic of the sentence. And so, each sentence has a topic, but what's identified… I'm sorry, and is that topic actually drawn always from a word in the sentence, or is it somehow identified by the computer that even though the word mass is about mass, and so we're going to call the topic mass? So, in the examples provided in Tyra, it's always a word that's actually in the sentence. And I think that gets to the question of whether or not that is latent information. And this goes… the reason… and modal can't cite expert testimony on it, and I can't point your Honor to it either, is that this just simply wasn't an argument that they presented before the board. I've shown you in pages 40 to 42 that this argument is not detailed in the petition, and I think it's important to understand that in the reply paper, when they offered an alternative argument for how Tyra… Can you have a… can you give me a JA site, what you're about to refer to? The board's decision at 25 would be the site I was going to… Yeah, but you were referring to the reply paper, so what's the JA site? I believe it's 1278. I can get it for you in one second. Well, it starts at 1281, but I think… but where… you must be looking… thinking about a particular page. That's 1298, Your Honor. Thank you. And at 1298, what we'll see is that they point to a speculated mass report in Tyra, which is a subsequently generated report that Tyra references in its disclosure. They pointed to that as the report that… for which the latent information would have been required. So, before the board, when they wanted to articulate a theory under our allegedly narrow construction, they pointed to… they didn't point to the header topic. They pointed to the speculated mass report, and at page 25 of the decision, the board found that argument to have been waived. Okay. Any other questions from my colleagues? No, thanks. All right. Thank you. Let's… Maybe you are. You have three minutes to rebuttal. Thank you, Your Honor. I'd like to start with the last topic of discussion, and if I could point the court to A-1056. This will answer, Judge Strana, your question about whether, in the petition, the topic was ever identified as part of the latent information. At the top of 1056, and this is in one of the subsequent steps, or one of the steps that the the latent information, and this is the top of 1056, it says, identified latent information, specifically the class, topic, or property. So, that is latent identified information. Likewise, in Tyra itself, and I'll point the court to A-1702, and about 10 lines down the second column, it's talking about parsing a particular sentence in the input. For example, consider the following sentence. A mass is seen in the right lower lobe, etc., etc. That is the sentence that's parsed, and it says right after that, note that the frame consists of a head or topic and set of properties. So, that head or topic, in this case, example, a mass, is required information. I don't think there's any doubt about that, and that required information is what's identified as the latent information throughout the petition at the pages we've discussed at length, including at 1047, where it talks about a detected mass, at 1056, which I just referenced, where it said the topic could be a mass, and also at other pages throughout. So, we think that there's really no doubt that there is at least one piece of required information for Tyra's report. To put it somewhat differently, if you end up with a report in Tyra, it must have at least something filled in in that topic area, whether it's an abnormal medical finding or a procedure or something of the like. That is required. Now- And just to be clear, the sentence you read that starts at 1055 to 1056 does seem to include topic as one of the kinds of identified latent information. Did you ever call out to the board, either in the reply or at the oral argument before the board, this notion, which is now kind of the centerpiece? Well, I think, just to turn back a few pages in the petition, Your Honor, I think at page 1047, we specifically said that a detected mass falls within the category of latent information that we're identifying. And then, in those subsequent pages, I don't think there's any doubt that we're referring to that as a topic or header, and that is part of the required information. Well, I would be hard-pressed to say that there's no doubt about it. Maybe you're right, but- Well, apologies for the overstatement. I don't take it as contested, at least, by the other side, that if entirely you get a report, it must, as a minimum, have that piece of information in it. And therefore, under any reasonable definition of the word required, just as when a judge requires a report on something, even if it's not specific information you know in advance, you know there is a certain type of information required. And under the plain meaning of required, we don't think anything more is required. So, we ask the court to reverse the board's erroneous determination under any reasonable interpretation that TIRA does not teach this contested limitation and remand the board to address whether the prior art teaches the other limitations. And if there are no further questions- Okay. We thank counsel for the arguments in this case, and this case is now submitted. Thank you, Your Honor.